**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JUAN VALDES, JR.,

    Plaintiff,

vs.                                                             CASE NO. 3:10-cv-466-J-37TEM

MICHAEL J. ASTRUE
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on Plaintiff's Motion to Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g) (Doc. #19, Motion to Remand), filed November 29, 2010. Defendant has filed a response in opposition (Doc. #24), contending Plaintiff does not meet the applicable standard for remand. The Commissioner has filed the Transcript of the proceedings (Doc. #13) (hereinafter referred to as "Tr." followed by the appropriate page number). For the reasons that follow, the undersigned respectfully recommends that Plaintiff's Motion (Doc. #19) be granted to the extent provided herein.

## DISCUSSION

Pursuant to Sentence Six of 42 U.S.C. § 405(g), a court may remand a case to the Commissioner "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). By this standard, in order to demonstrate that a remand

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to file a timely objection waives a party's right to a *de novo* review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a), United States District Court for the Middle District of Florida.

for consideration of new evidence is appropriate, Plaintiff must demonstrate that: (1) there is new, non-cumulative evidence; (2) the evidence is material (*i.e.*, relevant and probative such that there is a reasonable possibility that it would change the administrative result); and (3) there is good cause for the failure to submit the evidence at the administrative level. *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

### I. Whether the Evidence is "New" and Non-Cumulative

A Sentence Six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007). Here, Plaintiff submits evidence showing a diagnosis of chronic myelogenous leukemia ("CML") by Shands Hospital on June 21, 2010, approximately one year after the ALJ's decision (Doc #19-1 at 1). The Court finds the evidence submitted by Plaintiff is new in that it was not considered by the ALJ or the Appeals Council. Additionally, the undersigned finds the evidence is non-cumulative as the diagnosis of CML appears to relate to previously identified symptoms and limitations not credited by the ALJ for lack of objective evidentiary support (*see* Tr. 21, 50; *see also* Doc #19-1 at 1).

### II. Whether the Evidence is Material

The Court next addresses whether the evidence offered by Plaintiff is material. To be material, the evidence must relate back to the original alleged onset date of disability, or at least must relate to the disabilities litigated administratively. *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988). In other words, the evidence must be relevant to a condition existing prior to the final decision by the Commissioner. *See Austin v. Astrue*, No.

5:07cv52, 2008 WL 2385520, at *15 (N.D. Fla. June 9, 2008)[2] (*citing Thomas v. Sullivan*, 928 F.2d 255, 260-61 (8th Cir. 1991)).

The administrative record reflects Plaintiff has complained of chronic fatigue, shortness of breath, night sweats, and abdominal pain (Tr. 216, 223, 225, 235, 238). Plaintiff has also been treated for frequent infections (Tr. 200, 216, 223). All of these are symptoms of CML.[3] In addition, Plaintiff attributes previously unexplained abnormal blood test results as being indicative of CML (Doc. #19 at 3; *see e.g.,* Tr. 266-79).

Defendant maintains "there is no indication in the newly submitted medical records that any of his medical sources related the diagnosis [of CML] back to the period on or before June 1, 2009" (Doc. #24 at 2). This assertion, however, lacks merit. For instance, on October 4, 2010, Plaintiff's long-time treating physician, Tra'Chella C. Johnson, M.D. ("Dr. Johnson"), filled out a Leukemia Medical Assessment Form, wherein she states that Plaintiff's symptoms and limitations related to CML began as early as November, 2004 (Doc. #19-1 at 14).[4] Dr. Johnson apparently suspected leukemia and was the doctor who referred Plaintiff for leukemia testing (*see* Doc. #19-1 at 10). It should be noted that, at the administrative level, the ALJ afforded no weight to Dr. Johnson's opinion regarding Plaintiff's limitations due, in part, to her not citing objective medical evidence to support her conclusions (Tr. 21).

---

[2] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

[3] Chronic Myelogenous Leukemia, LEUKEMIA & LYMPHOMA SOCIETY, http://www.lls.org/content/nationalcontent/resourcecenter/freeeducationmaterials/leukemia/pdf/cml (last visited June 8, 2011). It should be noted that the judiciary does not exercise responsibility over the content or current viability of the URL provided.

[4] Plaintiff alleges he became disabled on December 26, 2004 (Tr. 111).

As it appears Plaintiff may have had signs and symptoms of CML during the relevant period of time, and that such symptoms may have contributed to his alleged limitations, the undersigned finds the subsequent diagnosis is material. *See Hyde v. Bowen*, 823 F.2d 456 (11th Cir. 1987) (remanding because new evidence was material when new reports offered objective medical explanation for previously unexplained complaints of pain).

### III.     Whether Plaintiff has Shown "Good Cause"

Lastly, the Court shall address whether Plaintiff has shown good cause for the failure to provide the instant evidence at the administrative level. The good cause requirement is satisfied when the evidence did not exist at the time of the administrative proceedings. *Milano v. Bowen*, 809 F.2d 763, 767 (11th Cir.1987). The good cause requirement was "designed to prevent claimants from attempting to withhold evidence with the idea of 'obtaining another bite of the apple' if the [Commissioner] decided that the claimant was not disabled." *Milano*, 809 F.2d at 767 (*citation omitted*). Additionally, the good cause standard was designed to "avoid the danger of encouraging claimants to seek after-acquired evidence and then use such evidence as an unsanctioned 'backdoor' means of appeal." *Id.*

The ALJ rendered the decision denying Plaintiff disability insurance benefits ("DIB") and supplemental security income ("SSI") on June 1, 2009 (Tr. 27). The Appeals Council denied review of the ALJ's decision on February 23, 2010 (Tr. 3). Plaintiff was diagnosed with CML June 21, 2010 (Doc. #19-1 at 1). As the diagnosis was not made until after the administrative proceedings, the undersigned finds there is good cause for Plaintiff's failure to present such evidence at the administrative level.

## **CONCLUSION**

Based on the foregoing, the undersigned hereby **RECOMMENDS**:

1. That the matter be remanded to the Commissioner of Social Security in order to conduct additional administrative proceedings.

2. That, upon remand, the Commissioner shall re-evaluate Plaintiff in accordance with the applicable Regulations and prevailing case law. The additional proceedings should include, but should not be limited to: assessment of the severity of all of Plaintiff's medically determinable impairments, including the impact, if any, of Plaintiff's June 2010 diagnosis of chronic myelogenous leukemia ("CML") and, in light thereof, re-assessment of Plaintiff's RFC; re-consideration of the opinions of Plaintiff's examining and treating medical sources (including Dr. Johnson's opinion(s)); re-consideration of the opinions of non-examining medical sources; re-evaluation of Plaintiff's subjective complaints of pain, shortness of breath, and chronic fatigue; and, if warranted, obtain additional vocational expert testimony.

3. That the Clerk be directed to enter judgment and, thereafter, administratively close the case.

**DONE AND ENTERED** at Jacksonville, Florida, this 17th day of June, 2011.

Copies to:
The Honorable Roy B. Dalton, Jr.
United States District Judge and
Counsel of Record

THOMAS E. MORRIS
United States Magistrate Judge